SANDERS, Chief Justice.
The defendant, Lucky Goldberg, was charged by bill of information with aggravated battery. LSA-R.S. 14:34. Defendant was convicted after a trial by jury and sentenced under the multiple offender statute, LSA-R.S. 15:529.1, to 30 years in the custody of the Department of Corrections.
The defendant perfected two bills of exceptions. Bill of exceptions No. 2, however, is deemed abandoned as it was neither briefed nor argued.
The first bill of exceptions was reserved after the trial court denied a motion for a mistrial made during voir dire examination of the jurors. At the critical point, one juror had be.en selected and another excused for cause.
The trial judge called the District Attorney to the bench and asked if any other matters were pending in the same week as this case, in order to determine whether or not jurors should be excused permanently or instructed to return for further service. The District Attorney advised the court that the other cases pending for that week would have to be continued until the following Monday. Accordingly, the District Attorney requested that witnesses present for the other cases be released and instructed to return on Monday.
The court assented, and the Sheriff announced, “All the witnesses in the Lucky Goldberg case. . . .”
The court interrupted and instructed the Sheriff that he was not to excuse the witnesses that were summoned for the trial at bar. The defendant moved for a mistrial.
Defendant points out that a second case was pending against him and that it was to this proceeding that the Sheriff referred in his announcement. The court was aware of that problem and made the corrective interruption and instruction to the Sheriff, in order to insure that the call would be taken *927 as a reference to the case being tried, rather than the other pending prosecution.
Defendant argues that Article 770 of the Louisiana Code of Criminal Procedure makes a mistrial in this case mandatory. That article provides in pertinent part:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

“(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible
Assuming, without deciding, that Article 770 applies to utterances made during jury selection, we are unable to accept defendant’s argument. Here, as the trial judge observed in his per curiam, the only reasonable way in which the jury could have interpreted the Sheriff’s remark was as a reference to the case being tried. As such, there was no direct or indirect reference to another crime committed by defendant. Hence, Article 770 is inapplicable. Likewise, there was no abuse of discretion in proceeding with the trial. See LSA-C.Cr.P. art. 775; State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972). The bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.